# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

       Plaintiff,

v.                                                                       Civil No. 01-815 WJ/KBM

LOCKHEED MARTIN CORPORATION,
d/b/a LOCKHEED MARTIN MISSION
SYSTEMS,

       Defendant.

## MEMORANDUM OPINION AND ORDER

       THIS MATTER comes before the Court upon Plaintiff's Motion to Strike Affirmative Defenses, filed September 27, 2001 **(Doc. 14)**. The Equal Employment Opportunity Commission ("EEOC" or the "Commission"), on behalf of former employees Janna Roberts and Jeanette Wolf, alleges that Defendant engaged in unlawful employment practices in violation of Title VII, 42 U.S.C. §2000e-2(a). Ms. Roberts and Ms. Wolfe claim that they were subjected to a hostile work environment when they were victims of both verbal and physical sexual harassment by their immediate supervisor. Plaintiff moves the Court to strike Defendant's Fourteenth (in part) and Eighteenth Affirmative Defenses which state, respectively that: Plaintiff's complaint is barred by the doctrines of laches and unclean hands; and that Plaintiff's claim for punitive damages is barred by the Due Process Clause of the United States Constitution.

       Under Rule 12(f) of the Federal Rules of Civil Procedure, a court "may order stricken

from any pleading any insufficient defense." However, motions to strike affirmative defenses are generally disfavored. See Friends of Santa Fe County v. LAC Minerals, Inc., 892 F.Supp. 1333, 1343 (D.N.M. 1995) (citations omitted). To strike a defense, its legal insufficiency must be "clearly apparent." Id. (same). A court "must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defenses succeed." Id. (same).

Ms. Roberts filed a charge of discrimination with EEOC in April, 2000. In April 2001, the EEOC issued an "amended determination" that discrimination had occurred against Ms. Roberts "and at least one other female employee in the form of harassment." See Marchbanks Affidavit (Doc. 19). The federal action was filed on July 13, 2001.

*Laches & Unclean Hands*

According to Defendant's brief, the basis for the affirmative defenses of laches and unclean hands is that Ms. Wolfe never filed an administrative charge with the EEOC. In the face of this undisputed fact, Plaintiff contends that Ms. Wolfe's failure to file a charge does not bar the Commission from seeking relief on her behalf.

Both equitable doctrines have been applied as proper defenses to claims of discrimination and retaliatory discharge under Title VII. See Brown-Mitchell v. Kansas City Power & Light Co., 267 F.3d 825 (8th Cir. 2001) (laches); Lingenfelter v. Keystone Consolidated Industries, Inc., 691 F.2d 339, 340 (7th Cir.1982)(laches); Carpenter v. Ford Motor Company et al, 761 F.Supp. 62, 66 (N.D. Ill. 1991) (declining to strike unclean hands where affirmative defense of "unclean hands" was not barred as a matter of law in Title VII action, but striking defense on basis that allegations of fraud were not pled with sufficient particularity). There is not much in the way

of the bare chronological facts to support a defense of laches with regard to the timeliness of Ms. Roberts' filing, but the same cannot be said at this stage of the litigation regarding Ms. Wolfe's failure to file an administrative charge. See Bolden v. PRC, Inc., 43 F.3d 545, 552 (10th Cir. 1994)(plaintiff in a Title VII claim must exhaust administrative remedies before pursuing judicial remedies). Plaintiff argues that Ms. Wolfe's failure to file a charge with EEOC does not preclude its ability to represent her in this action.

The Commission is entrusted by Congress with broad remedial powers to challenge a policy that represents ongoing discrimination. See 42 U.S.C. §2000e-5; §2000e-5(f)(1). This power extends to the protection of unnamed individuals where an allegedly discriminatory policy may affect unidentifiable members of a known class, e.g., persons who have never applied for a job because they were discouraged by a discriminatory practice. EEOC v. United Parcel Serv., 860 F.2d 372, 374-75 (10th Cir. 1988). This class by definition would also include persons who have never filed an administrative charge with the EEOC. However, application of this broad statutory directive to the Commission's representation of Ms. Wolfe is misdirected because the Commission is not requesting relief that is serving a public interest in freedom from employment discrimination, but rather serving to financially compensate Ms. Wolfe. See EEOC v. North Gibson Sch. Corp., 266 F.3d 607, 615, n.7 (7th Cir. 2001) ("In cases brought under Title VII and the Americans with Disabilities Act, the EEOC also is precluded from seeking monetary relief for individuals who themselves are barred from bringing the same suit because, in such circumstances, the EEOC's suit serves only a *minimal public interest*); (citing EEOC v. Waffle House, Inc., 193 F.3d 805, 812-13 (4th Cir.1999).

Moreover, it is not so clear that Defendant was fully aware of the extent and depth of

Plaintiff's investigation into Ms. Robert's claims so as to put Defendant on notice that the Commission was exploring claims made by Ms. Wolfe as well. In light of Title VII's administrative exhaustion requirements and the relief which the Commission seeks on her behalf, and because I am unable to conclude that the defenses could not succeed under any circumstance, see Unger v. US West, Inc., 889 F.Supp. 419, 422 (D.Colo. 1995) (citation omitted), I find that Defendant's affirmative defenses of laches and unclean hands should not be stricken. Whether or not Rule 12(f) envisions a showing of prejudice by the movant,[1] such a requirement would not affect the outcome here. Plaintiff's only asserted basis for prejudice is the unnecessary expenditure of time and resources on discovery. Given that discovery is still open, see (Doc. 26), Plaintiff is hardly prejudiced by the inclusion of several discrete issues into the discovery grist mill.

*Punitive Damages*.

Both parties concede that punitive damages may be available to a Title VII plaintiff. Punitive damages under Title VII and 41 U.S.C. § 1981a may be awarded when there is a showing that the employer intentionally discriminated with malice or reckless indifference to a plaintiff's federally protected rights. See Kolstad v. American Dental Assn., 527 U.S. 526 (1999). There may also be situations where punitive damage awards may be excessive by constitutional standards. See, e.g., EEOC v. Wal-Mart Stores, Inc., 187 F.3d 1241, 1249 (10th Cir.1999) (punitive damages in ADA claim that was below statutory maximum was "strong indicator" that award was not unconstitutional); Romano v. U-Haul Intenat'l et al, 233 F.3d 655 (1st Cir. 2000)

---

[1] Defendant takes such a position, relying on Sierra Club v. Young Life Campaign, Inc., 2001 WL 1402568 (D.Colo. 2001). In turn, Plaintiff relies on the *lack* of Tenth Circuit precedent on the issue, and attaches to its Reply an unpublished District of New Mexico opinion which ignores the question completely.

(finding punitive damages award in Title VII case constitutionally permissible). At this point, Defendant is challenging the constitutionality of damages which have not yet been awarded. While the defense is premature, I cannot conclude at this stage of the litigation that the defense could not succeed under any set of circumstances.

**THEREFORE**,

**IT IS ORDERED** that Plaintiff's Motion to Strike Affirmative Defenses **(Doc. 14)** is DENIED.

_____
UNITED STATES DISTRICT JUDGE